UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL STANLEY KAPLAN, M.D.,<br><br>　　　　　　Defendant. | 2:13-cr-00377-PMP-CWH<br><br>**ORDER** |

Before the Court for consideration is Defendant Michael Kaplan's fully briefed Motion for Judgment of Acquittal, Or in the Alternative, for a New Trial (Doc. ##148, 149). On September 24, 2014, a jury found Defendant Dr. Michael Stanley Kaplan guilty of Conspiracy to Commit Adulteration with Intent to Defraud or Mislead (Count One). By his Motion for Judgment of Acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure, Kaplan requests that the jury verdict of guilty as to Count One of the Indictment be set aside and that the Court enter an acquittal thereon. In the alternative, Kaplan requests that the Court grant his Motion for New Trial pursuant to Federal Rule of Criminal Procedure 33, on the ground that the evidence adduced at trial heavily preponderates against the verdict.

In considering a motion for judgment of acquittal under Rule 29(c) of the Federal Rules of Criminal Procedure, the Court must determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Hursh*, 217 F. 3d. 761, 767 (9th Cir. 2000). In making this determination, the Court must view the evidence in the light most favorable to Plaintiff United States. *United States v. Dreitzler*, 577 F. 2d. 539, 545 (9th Cir. 1978).

In evaluating Defendant Kaplan's Motion for a New Trial under Rule 33 of the Federal Rules of Criminal Procedure, the Court must consider whether the evidence preponderates heavily against the verdict so as to warrant a new trial in the interests of justice. *United States v. Pimental*, 654 F. 2d. 538 (9th Cir. 1981).

In support of his Motion for Judgment of Acquittal, Defendant Kaplan contends the evidence at trial was insufficient to support the jury's verdict of guilty on Count One in three respects. First, Defendant Kaplan argues that the evidence was not sufficient as a matter of law to establish that Dr. Kaplan possessed the specific intent to defraud or mislead in regards to the object of the conspiracy. Notwithstanding the competing views of the weight of the evidence offered by Defendant Kaplan and Plaintiff United States in their post-trial briefs, the Court finds that viewing the evidence in the light most favorable to Plaintiff United States the evidence adduced at trial was sufficient to demonstrate that Defendant Kaplan concealed the re-use of transrectal needle guides from his patients, that he acted with the intent to defraud and mislead the general public, federal investigators, and the Medical Board. The jury was properly instructed on the elements of Count One, and the verdict of guilty returned was grounded in sufficient evidence to enable a rational trier of fact to find each of the essential elements of the crime beyond a reasonable doubt.

Defendant Kaplan next argues that the evidence adduced at trial was insufficient as a matter of law to establish a conspiracy to commit the crime of adulteration. Defendant's argument in this regard clearly fails. Although Defendant offers a detailed summary of the testimony of nineteen witnesses who testified at trial, the testimony of all witnesses in their entirety, and the physical evidence presented, clearly was sufficient to establish to a reasonable jury beyond a reasonable doubt that Defendant Kaplan was part of a conspiratorial agreement to re-use single use needle guides with knowledge that there was a reasonable probability that upon re-use, even after the cleaning efforts which were made, the needle guides would be contaminated with filth or injurious to health.

Finally, in support of his Motion of Judgment of Acquittal, Defendant Kaplan argues that the evidence was insufficient as a matter of law to establish that the needle

guides were "held for sale." This Court rejected Defendant's argument in this regard in its Order (Doc. #76, at pp. 4-6) entered on September 5, 2014. None of the evidence presented at trial warrants reconsideration of the Court's pretrial Order in this regard.

As a result, the Court finds Defendant's Motion for Judgment of Acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure must be denied.

Defendant Kaplan's Motion for New Trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure must be rejected because the evidence adduced at trial does not preponderate heavily against the verdict of the jury's return as to Count One. Hence, the interest of justice would not be served by granted the relief requested.

**IT IS THEREFORE ORDERED** that Defendant Dr. Michael Stanley Kaplan's Motion for Judgment of Acquittal or, in the Alternative, for a New Trial (Doc. ##148, 149) are **DENIED**.

DATED: December 4, 2014.

PHILIP M. PRO
United States District Judge